UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SANJAY ISRANI, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>FIRST MERCURY FINANCIAL CORP., RICHARD H. SMITH, JEROME M. SHAW, GEORGE R. BOYER, THOMAS B. KEARNEY, LOUIS J. MANETTI, BRADLEY J. PICKARD, HOLLIS W. RADEMACHER STEVEN A. SHAPIRO, WILLIAM C. TYLER, and FAIRFAX FINANCIAL HOLDINGS LIMITED,<br><br>         Defendants. | Civil Action No. 2:10-cv-14482-GCS-MAR |

## STIPULATION OF SETTLEMENT

The parties to the above-captioned matter, by and through their respective attorneys, enter into the following Stipulation of Settlement (the "Stipulation") effective as of March 30, 2011, subject to the approval of this Court.

WHEREAS, on October 28, 2010, First Mercury Financial Corp. ("FMR") announced that it had entered into a definitive merger agreement (the "Merger Agreement") under which FMR stockholders would receive $16.50 for each share of FMR common stock held (the "Merger");

WHEREAS, on November 9, 2010, Sanjay Israni ("Israni" or the "Plaintiff") filed a putative class action complaint in the United States District Court for the Eastern District of Michigan entitled *Israni. v. First Mercury Financial Corp., et al.*, Case No. 2:10-cv-14482-GCS-

MAR (the "Action"), which named as defendants FMR, Richard H. Smith, Jerome M. Shaw, George R. Boyer III, Thomas B. Kearney, Louis J. Manetti, Bradley J. Pickard, Hollis W. Rademacher, Steven A. Shapiro, William C. Tyler, (the "Director Defendants" and, collectively with FMR, the "FMR Defendants"); and Fairfax Financial Holdings Limited (the "Fairfax Defendants") (all defendants in the Action (as defined below) are collectively referred to herein as "Defendants"). The complaint alleged, among other things, that the Director Defendants, aided and abetted by the Fairfax Defendants, breached their fiduciary duties in connection with the Merger, and sought, among other things, an order enjoining the Merger;

WHEREAS, on November 12, 2010, FMR filed with the SEC a preliminary proxy statement in connection with the Merger (the "Preliminary Proxy Statement");

WHEREAS, on or about December 14, 2010, FMR filed with the SEC and mailed a definitive proxy statement relating to a special meeting of shareholders of FMR to be held on January 14, 2011, at which FMR stockholders would be asked to approve the Merger (the "Definitive Proxy Statement");

WHEREAS, on November 30, 2010, Plaintiff's counsel requested expedited discovery from Defendants. As a result, beginning on December 13, 2010, Defendants produced documents on an expedited basis which were subsequently reviewed by Plaintiff's counsel.

WHEREAS, Plaintiff's counsel and Defendants' counsel engaged in extensive arm's-length discussions and negotiations concerning a possible settlement of the Action, during which counsel for the Plaintiff made requests to counsel for the Defendants concerning additional public disclosures to be made prior to the vote of FMR's public stockholders on whether to approve the Merger Agreement;

WHEREAS, on December 30, 2010, counsel for the parties reached an agreement in principle concerning the proposed settlement (the "Settlement") of the claims in the Action (collectively, the "Claims"), all parties recognizing the time and expense that would be incurred by further litigation of the Action and the uncertainties inherent in such litigation;

WHEREAS, on December 30, 2010, FMR filed a Form 8-K with the SEC which included the additional disclosures (the "Supplemental Disclosure") relating to the Merger contemplated in the Settlement and the Memorandum of Understanding ("MOU");

WHEREAS, to document their agreement to settle the Action and all Claims that were or could have been raised therein, the parties, through their counsel, executed the MOU as of December 30, 2010, and wish to further document their agreement of settlement in this Stipulation to be submitted to the Court for approval;

WHEREAS, by letter dated January 7, 2011, the parties advised the Court of the Settlement;

WHEREAS, on January 14, 2011, the holders of FMR common stock approved the Merger Agreement;

WHEREAS, on February 9, 2011, the Merger was completed, and FMR became a wholly owned subsidiary of Fairfax. FMR stockholders were entitled to receive $16.50 in cash for each share of FMR common stock that they owned;

WHEREAS, counsel for the Plaintiff have conducted an extensive investigation during the development and prosecution of the Action and to that end counsel for the FMR Defendants and the Fairfax Defendants provided Plaintiff's counsel, pursuant to a confidentiality agreement, with discovery about the Merger, including: (a) the production of minutes of meetings of the FMR Board that concern the Merger; (b) written presentations made to the FMR Board by

FMR's financial advisors, Bank of America Merrill Lynch ("BAML"), that relate to the Merger; (c) the interviews of FMR's CEO, CFO and BAML's lead banker concerning the Merger;

WHEREAS, Defendants deny all allegations of wrongdoing, fault, liability or damage to Plaintiff and the putative class and otherwise deny that they engaged in any wrongdoing or committed any violation of law or breach of duty and believe that they acted properly at all times and diligently and scrupulously complied with their fiduciary and other legal duties, but wish to settle the litigation on the terms and conditions stated in this Stipulation in order to eliminate the burden and expense of further litigation and to put the claims to be released hereby to rest finally and forever;

WHEREAS, Plaintiff and Plaintiff's counsel have determined that a settlement on the terms contained in this Stipulation is fair, reasonable, adequate, and in the best interests of FMR stockholders; and

WHEREAS, Plaintiff's entry into this Stipulation is not an admission as to the lack of any merit of any of the claims asserted in the Action.

NOW, THEREFORE, the parties have reached an agreement, expressed in the Stipulation, providing for the settlement of the Action between and among the Plaintiff and the Defendants, on the terms and subject to the conditions set forth below:

1. **Supplemental Disclosure and Reduction in Termination Fee.** In consideration for the full settlement and release of all Settled Claims (as defined below), on December 30, 2010, the Defendants made the Supplemental Disclosure attached hereto as Exhibit A. Defendants also amended the Merger Agreement to reduce the Termination Fee payable to Fairfax under certain circumstances from $9.0 million to $8.5 million. Without admitting any wrongdoing, Defendants acknowledge that the filing and prosecution of the Action, the claims

asserted therein as well as good faith discussions and arm's length negotiations with Plaintiff's counsel were the sole causes of their disclosure of this additional information, which constitutes information sought in Plaintiff's complaints in the Action, as well as the reduction in the Termination Fee.

2. **Settlement Class.** The parties hereby stipulate, for settlement purposes only, subject to Court approval pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2) to a non opt-out settlement class consisting of all record and beneficial stockholders of FMR common stock (other than Fairfax, the Director Defendants, members of the immediate families of the Director Defendants or their successors, heirs, assigns or legal representatives, and any firm, trust, corporation, or other entity in which any Defendant has a controlling interest) during the period from the close of business on October 27, 2010 through the Effective Time of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any or each of them (the "Class").

3. **Notice of Settlement.** FMR shall cause a dissemination by mail of a Court approved notice of the Settlement to members of the Class and shall administer and pay all costs and expenses incurred in providing such notice to members of the Class. Said notice will provide that members of the Class shall have an opportunity to object to the Settlement.

4. **Defendants Deny Liability or Wrongdoing.** The Defendants have denied, and continue to deny, that any of them has committed or has threatened to commit any wrongdoing, violation of law or breach of duty to Plaintiff, the Class or anyone, that they have any liability or owe any damages of any kind to Plaintiff, the Class or anyone in connection with the Settled

Claims and the subject matter thereof, including the Merger, the Merger Agreement, the Preliminary Proxy Statement and the Definitive Proxy Statement; Defendants deny and do not concede the materiality of any of the information contained in the Supplemental Disclosure or that any additional disclosures were or are required under any applicable rule, regulation, statute, or law; and Defendants are entering into the Settlement solely because it would eliminate the distraction, burden and expense of further litigation and terminate all the claims that were or could have been brought against the Defendants.

    5.    **Plaintiff Denies The Claims Lack Merit.**  Plaintiff's entry into the Settlement and this Stipulation is not an admission as to the lack of merit of the Claims.

    6.    **Releases.**

    (a)    The Plaintiff, on behalf of himself and the Class, and each Class Member, effective upon Final Approval of the Settlement, hereby settle, release, discharge and dismiss with prejudice on the merits, any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been or could have been or in the future might be asserted in the Action, or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state law, or any other law or regulation, including claims relating to alleged fraud, breach of any duty, negligence or violation of federal or state securities laws) by or on behalf of Plaintiff and any and all of the members of the Class (and Plaintiff's and Class Members' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners,

- 7 -

principals, members, attorneys, accountants, financial, legal and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual, class, direct, derivative, representative, legal or equitable, or any other type or in any other capacity, against any and all Defendants in the Action, and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers (including, without limitation, Merrill Lynch, Pierce, Fenner & Smith Incorporated and Bank of America Corporation), commercial bankers, engineers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors, assigns and any other representatives of any of these persons or entities (collectively, the "Released Persons") which Plaintiff or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Action, the Claims, the Merger, the Merger Agreement, any changes to the Merger Agreement or the terms of the Merger, the Voting Agreement (as that term is defined in the Definitive Proxy Statement), the Preliminary Proxy Statement or the Definitive Proxy Statement, including without limitation any disclosures, non-disclosures or public statements made in connection with any of the foregoing (collectively, the "Settled Claims"); provided, however, that the Settled Claims shall not include claims to enforce the Settlement and this Stipulation.

(b) Each member of the Class, effective upon Final Approval of the Settlement, hereby covenants not to sue, and is barred from suing, any Defendant or any other Released Person for any Settled Claim.

(c) Subject to the order of this Court, pending final determination of whether the Settlement provided for in this Stipulation should be approved, Plaintiff and all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any of the Released Persons.

(d) The Released Persons, effective upon Final Approval of the Settlement, hereby release Plaintiff, the members of the Class and Plaintiff's counsel from all claims arising out of the commencement, prosecution, settlement or resolution of the Claims; however, the Released Persons shall retain the right to enforce the terms of the Stipulation and the Settlement.

7. **Unknown Claims Released.** The Plaintiff and the Class and each of its members expressly acknowledge and agree that the release contemplated by paragraph 6(a) of this Stipulation shall extend to claims that the releasing parties do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. Plaintiff and each member of the Class shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or limits a person's release of unknown claims. Plaintiff, for himself and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR

Plaintiff, for himself and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent to California Civil Code § 1542.  Plaintiff, for himself and on behalf of the Class, acknowledges that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiff and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  The parties to this Stipulation acknowledge that the foregoing wavier was separately bargained for and is an integral part of the Settlement.

  8. **Preliminary Approval.**  As soon as practicable after the execution of this Stipulation, the parties shall jointly apply to the Court for the entry of the [Proposed] Notice Order (the "Notice Order") in the form attached hereto as Exhibit B, which includes provisions, among others, that:

  (a) Provide for the Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing (the "Notice"), in the form attached hereto as Exhibit C; and

  (b) Provide that pending final determination of whether the Settlement and Stipulation should be finally approved, all pre-trial proceedings in this matter, except for such

proceedings ordered by the Court with respect to approval of the Settlement, are stayed and suspended until further order of this Court, and that Plaintiff and all members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any of the Released Persons.

9. **Affidavit of Notice of Mailing.** Ten days prior to the Settlement Hearing, Defendants shall file with the Court an appropriate affidavit evidencing mailing of the Notice to the Class. The Defendants will pay all costs incurred in identifying and notifying by mail the members of the Class, including the printing and copying of the Notice.

10. **Final Approval.** If this Settlement is approved by the Court after a hearing, the parties shall jointly request the entry of an Order and Final Judgment ("Final Order") in the form attached hereto as Exhibit D:

(a)   Approving this Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of the terms and provisions of the Settlement;

(b)   Providing for the final release of claims as described and set forth above in paragraph 6;

(c)   Permanently enjoining the prosecution of all Settled Claims;

(d)   Reserving jurisdiction for the purpose of effectuating the Settlement; and

(e)   Acting upon Plaintiff's motion for an award of attorney's fees and expenses as set forth herein.

11. **Termination of Settlement.** Any and all of the Defendants shall have the right to withdraw from the proposed Settlement in the event that any claims related to the subject matter of the Settled Claims are commenced or prosecuted against any of the Released Persons in any

court prior to final approval of the Settlement, and such claims are not dismissed with prejudice or stayed in contemplation of dismissal, and that in the event any such claims are commenced or prosecuted, Plaintiff and Defendants agree to cooperate and use all reasonable efforts to secure dismissal thereof.

12. **Attorneys' Fees.** Plaintiff's counsel shall apply to the Court for an award to Plaintiff's counsel of attorneys' fees, costs and expenses in an amount not to exceed $300,000 (of which up to $7,500 will be paid to Plaintiff as an incentive award), to be paid by FMR or any successor thereto subject to the approval of the Court. Defendants acknowledge that Plaintiff's counsel have a claim for attorneys' fees and reimbursement of expenses based upon the benefits the Settlement provides to the Class. Rather than litigate the issue, the parties agreed (after negotiation of the substantive terms reflected herein) that Plaintiff will present a fee application and that Defendants will not oppose such application for an award of attorneys' fees, costs and expenses in an amount not to exceed $300,000. Approval of such fee application shall not be a condition to Settlement. Defendants reserve the right to oppose any other application made by Plaintiff, Plaintiff's counsel, or by any other person for any award of attorneys' fees and/or out-of-pocket expenses. FMR or its successor will pay to Plaintiff's counsel such amounts as the Court awards in attorneys' fees and expenses, but in no event more than $300,000. Any award of fees shall be payable within ten (10) business days after the entry by this Court of an Order approving the Settlement (including with respect to the payment of attorneys' fees). In the event that the Final Order is reversed or modified on appeal, Plaintiff's counsel shall be jointly and severally obligated to refund to the payor within ten (10) business days the advanced amount and all interest accrued or accumulated thereon to the extent such refund is consistent with such reversal or modification. The Defendants shall bear no other expenses, costs, damages or fees

alleged or incurred by Plaintiff, by any member of the Class, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Claims, and Defendants shall have no responsibility for, and no liability with respect to, the fee and/or expense allocation among Plaintiff's counsel and/or any other person who may assert any claim thereto. The failure of any court to approve any requested award of attorneys' fees and/or expenses in whole or in part shall have no effect on the Settlement set forth in this Stipulation.

13. **Court Approval Required.** This Stipulation shall be null and void and of no force and effect if Final Approval of the Settlement by the Court does not occur for any reason. In such event, the parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the MOU, as though it was never executed or agreed to, and this Stipulation shall not be deemed to prejudice in any way the positions of the parties with respect to the Action, or to constitute an admission of fact by any party, shall not entitle any party to recover any costs or expenses incurred in connection with the implementation of this Stipulation or the Settlement, and neither the existence of this Stipulation nor its contents shall be admissible in evidence or be referred to for any purposes in the Action or in any litigation or judicial proceeding, other than to enforce the terms hereof.

14. **Return of Documents.** Counsel for the Plaintiff agree that within ten (10) days of receipt of a written request by any producing party following Final Approval of the Settlement, they will return to the producing party all discovery material obtained from, including all documents produced by and/or deposition testimony given by, any of the Defendants or their advisors in the Action (herein "Discovery Material"), or certify in writing that such Discovery Material has been destroyed. Provided, however, that Plaintiff's counsel shall be entitled to retain all filings, court papers, and attorney work product, subject to the

requirement that Plaintiff's counsel shall not disclose any information contained or referenced in such materials to any person except pursuant to court order or agreement with Defendants. The parties agree to submit to the Court any dispute concerning the return or destruction of Discovery Material.

15. **Execution in Counterparts.** This Stipulation may be executed in multiple counterparts by the signatories hereto, including by email in PDF format or by telecopier, and as so executed shall constitute one agreement.

16. **Governing Law.** This Stipulation and the Settlement contemplated by it, and all disputes arising out of or relating to it, shall be governed by, and construed in accordance with, the substantive and procedural laws of Delaware, without regard to conflict of laws principles. The parties agree that any dispute arising out of or relating in any way to this Stipulation or to the Settlement shall not be litigated or pursued in any forum or venue other than this Court.

17. **Written Modifications.** This Stipulation constitutes the entire agreement among the parties with respect to the subject matter hereof, supersedes all written or oral communications, agreements or understanding that may have existed prior to the execution of this Stipulation, including the MOU, and may be modified or amended only by a writing signed by the parties hereto.

18. **Successors, Assigns and Third Party Beneficiaries**. This Stipulation shall be binding upon and inure to the benefit of the parties (including members of the Class) and their respective agents, executors, heirs, successors and assigns; provided, however, that no party shall assign or delegate its rights or responsibilities under this Stipulation without the prior written consent of the other parties hereto. All Released Persons who are not named as defendants in the

Action are intended third party beneficiaries under this Stipulation entitled to enforce this Stipulation in accordance with its terms.

19. **Representation of Named Plaintiff.** Named Plaintiff Sanjay Israni, and his respective counsel, hereby represent and warrant that he has been a stockholder in FMR throughout the period covered by the Action and the Settlement and has not assigned, encumbered, or in any manner transferred in whole or in part the claims in the Action.

20. **Authority.** This Stipulation is being executed by counsel for the parties, each of whom represents and warrants that he or she has been granted full and complete authority from his or her client or clients to enter into this Stipulation, which has full force and effect as a binding obligation of such clients.

WHEREFORE, the parties hereto have executed this Stipulation as of this ___rd day of March, 2011.

FIRST MERCURY FINANCIAL CORPORATION

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL  60606-5096
Telephone:  312.372.2000
Facsimile:  312.984.7700

RICHARD H. SMITH

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL  60606-5096
Telephone:  312.372.2000
Facsimile:  312.984.7700

JEROME M. SHAW

By: /s/ Jeffrey A. Rossman
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

GEORGE R. BOYER III

By: /s/ Jeffrey A. Rossman
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

THOMAS B. KEARNEY

By: /s/ Jeffrey A. Rossman
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

LOUIS J. MANETTI

By: /s/ Jeffrey A. Rossman
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

BRADLEY J. PICKARD

By: /s/ Jeffrey A. Rossman
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000

Facsimile: 312.984.7700

HOLLIS W. RADEMACHER

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

STEVEN A. SHAPIRO

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

WILLIAM C. TYLER

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

FAIRFAX FINANCIAL HOLDINGS

By: _____
Alan S. Goudiss
Shearman & Sterling LLP
599 Lexington Avneue
New York, NY 10022
Telephone: 212.848.4906
Facsimile: 646.848.4906

SANJAY ISRANI

By:_____
Gregory M. Nespole

Facsimile: 312.984.7700

HOLLIS W. RADEMACHER

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

STEVEN A. SHAPIRO

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

WILLIAM C. TYLER

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

FAIRFAX FINANCIAL HOLDINGS

By: /s/ Alan S. Goudiss
Alan S. Goudiss
Shearman & Sterling LLP
599 Lexington Avneue
New York, NY 10022
Telephone: 212.848.4906
Facsimile: 646.848:4906

SANJAY ISRANI

By:_____
Gregory M. Nespole

Facsimile: 312.984.7700

HOLLIS W. RADEMACHER

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

STEVEN A. SHAPIRO

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

WILLIAM C. TYLER

By: _____
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

FAIRFAX FINANCIAL HOLDINGS

By: _____
Alan S. Goudiss
Shearman & Sterling LLP
599 Lexington Avneue
New York, NY 10022
Telephone: 212.848.4906
Facsimile: 646.848.4906

SANJAY ISRANI

By: _____
Gregory M. Nespole

Matthew M. Guiney
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
Telephone: 212.545.4600

E. Powell Miller (P39487)
Marc L. Newman (P51393)
Jayson E. Blake (P56128)
The Miller Law Firm, PC
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: 248.891.2200

*Attorneys for Plaintiff*

Marc S. Henzel, Esq.
Law Offices of Marc S. Henzel
273 Montgomery Avenue, Suite 2020
Bala Cynwyd, PA 19004
Telephone: 610.660.8000

*Co-Counsel for Plaintiff*

DM_US 27897812-1.073847.0022