# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SANJAY ISRANI, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| FIRST MERCURY FINANCIAL CORP., RICHARD H. SMITH, JEROME M. SHAW, GEORGE R. BOYER, THOMAS B. KEARNEY, LOUIS J. MANETTI, BRADLEY J. PICKARD, HOLLIS W. RADEMACHER STEVEN A. SHAPIRO, WILLIAM C. TYLER, and FAIRFAX FINANCIAL HOLDINGS LIMITED, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 2:10-cv-14482-GCS-MAR

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING NOTICE TO THE CLASS

The parties having made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the settlement (the "Settlement") of the above-captioned action (the "Action") in accordance with a Stipulation of Settlement effective as of March 30, 2011 (the "Stipulation"), which (along with the defined terms therein) is incorporated herein by reference and which, together with the accompanying documents, sets forth the terms and conditions for the proposed Settlement of the Action between plaintiff Sanjay Israni ("Plaintiff") on the one hand and First Mercury Financial Corp. ("FMR"), Richard H. Smith, Jerome M. Shaw, George R. Boyer, Thomas B. Kearney, Louis J. Manetti, Bradley J. Pickard, Hollis W. Rademacher, Steven A. Shapiro, William C. Tyler, (the "Director Defendants" and, collectively

with FMR, the "FMR Defendants") and Fairfax Financial Holdings Limited (the "Fairfax Defendants") (all defendants in the Action are collectively referred to herein as "Defendants") on the other, and for a judgment dismissing Plaintiff's claims with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the accompanying documents; and all parties having consented to the entry of this Order;

IT IS HEREBY ORDERED this 14th day of April, 2011, that:

1. For purposes of the Settlement only, and preliminarily, for purposes of this Order, this Action shall proceed as a class action, pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, by the Plaintiff in the Action, on behalf of all record and beneficial stockholders of FMR common stock (other than Fairfax, the Director Defendants, members of the immediate families of the Director Defendants or their successors, heirs, assigns or legal representatives, and any firm, trust, corporation, or other entity in which any Defendant has a controlling interest) during the period from the close of business on October 27, 2010 through the Effective Time of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any or each of them (the "Class"), and by Plaintiff's counsel as class counsel.

2. The Court preliminarily approves the Settlement of the Action on the terms and conditions set forth in the Stipulation as being fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the Class and further consideration of the proposed settlement at the Hearing described in paragraph 3 below.

3. A hearing shall be held on **June 30, 2011**, at **9:30 a.m.**, before the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W.

Lafayette Blvd., Courtroom #236, Detroit, MI 48226 (the "Hearing"), for the purposes of: (a) determining whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court, and whether the Order and Final Judgment provided for in the Stipulation should be entered thereon; (b) determining whether the Action should be finally certified as a class action; (c) considering the application of Plaintiff's counsel for an award of attorneys' fees and expenses to be paid by FMR; and (d) ruling on such other matters as the Court may deem appropriate. The Court may adjourn the Hearing (including consideration of the application for an award of attorneys' fees and expenses) or any adjournment thereof without further notice to the Class other than by announcement at the Hearing or any adjournment thereof.

    4.    (a)    The Court approves, in form and content, the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing and Right to Appear (the "Notice") attached as Exhibit C to the Stipulation and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in Paragraph 4(b) of this Order meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute full and adequate notice to all persons entitled thereto.

    (b)    Within 14 calendar days of the entry of this Order, FMR shall commence, by first class mail, dissemination of the Notice. Defendants shall use reasonable efforts to give notice to beneficial owners of FMR's common stock by making additional copies of the Notice available to any record holder requesting the same for the purpose of distribution to beneficial owners. Defendants will pay all costs and expenses related to the Notice. Ten days before the Hearing, Defendants shall file proof, by affidavit, of such mailing.

  5. At the Hearing, any member of the Class who desires to do so may appear personally or by counsel, providing that an appearance is filed and served as hereinafter provided, and show cause, if any, why the Settlement of Plaintiff's claims in the Action should not be approved as fair, reasonable, adequate and in the best interests of the Class, why judgment should not be entered dismissing Plaintiff's claims asserted against all of the defendants with prejudice against Plaintiff, and the Class, as determined by the Court, or why the Court should not grant an allowance of fees and expenses to Plaintiff's counsel for their services herein and expenses incurred. Provided, however, that no member of the Class or any other person opposing the Settlement or any provision thereof shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and, if approved, the judgment to be entered thereon and the allowance of fees and expenses to Plaintiff's counsel, and no papers or briefs submitted by any member of the Class or any other person shall be received and considered, except by Order of the Court for good cause shown, unless, no later than ten business days prior to the Hearing, copies of (a) a written notice of intention to appear, (b) proof of membership in the Class, (c) a detailed statement of such person's specific objections to any matter before the Court, (d) the grounds for such objections and any reasons for such person's desiring to appear and to be heard, as well as all documents and writings such person desires this Court to consider, and (e) a statement advising the Court and the parties of any court proceeding in which said objector and his counsel has made an objection to a class action settlement within the past three years identifying the past objections made by case name, docket number and court, shall be served upon the following counsel:

    Gregory M. Nespole
    Matthew M. Guiney
    Wolf Haldenstein Adler Freeman & Herz LLP
    270 Madison Avenue

> New York, NY 10016
>
> ***Plaintiff's Counsel***
>
> Jeffrey A. Rossman
> McDermott Will & Emery LLP
> 227 West Monroe Street
> Chicago, IL 60606-5096
>
> ***Counsel for FMR Defendants***
>
> Alan S. Goudiss
> Shearman & Sterling LLP
> 599 Lexington Avneue
> New York, NY  10022
>
> ***Counsel for Fairfax Defendants***

and then filed with the Clerk for the Court.  Unless the Court otherwise directs, no member of the Class shall be entitled to object to the Settlement or to the judgment to be entered herein, or to the award of attorneys' fees and expenses to Plaintiff's counsel, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in this Action or in any other action or proceeding.

6. The parties shall file all papers in support of the proposed Settlement, and Plaintiff's counsel shall file their application for an award of attorneys' fee and expenses, no later than five days before the Hearing.

7. If the Settlement provided for in the Stipulation is approved by the Court following the Hearing, judgment shall be entered in the form attached as Exhibit D to the Stipulation.

8. Except as otherwise provided in the Stipulation, all pre-trial proceedings in this Action, except for such proceedings ordered by the Court with respect to approval of the Settlement, are stayed and suspended until further order of this Court.

9. In the event that: (a) the Court declines, in any respect (except for a disallowance or modification of the fees and/or expenses sought by Plaintiff's counsel) to enter the Order and Final Judgment provided for in the Stipulation and any one of the parties hereto fails to consent to the entry of another form of order in lieu thereof; (b) the Court disapproves the Settlement proposed in the Stipulation, including any amendments thereto agreed upon by all of the parties; or (c) the Court approves the Settlement proposed in the Stipulation or any amendment thereto approved by all of the parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of such events, the Stipulation, the Settlement proposed herein (including any amendments thereof), any qualification of Plaintiff as appropriate representative of the Class or of Plaintiff's counsel as counsel to the Class, and any actions taken or to be taken with respect to the Settlement proposed in the Stipulation and the Order and Final Judgment to be entered, shall be of no further force or effect and shall be null and void, and shall be without prejudice to any of the parties hereto.

10. The Court reserves the right to approve the Stipulation and the Settlement with modifications and without further notice to members of the Class, and retains jurisdiction over the Action to consider all further applications arising out of or connected with the proposed Settlement.

s/George Caram Steeh<br>United States District Judge

Dated: April 13, 2011

Proof of Service

I certify that a copy of this order was served upon the parties/attorneys of record by electronic and/or ordinary mail.
s/Marcia Beauchemin
Deputy Clerk